UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT FOR LOUISIANA

| | | |
|---|---|---|
| **LEXINGTON INSURANCE COMPANY** | * | **CIVIL ACTION NO. 11-1865** |
| **Plaintiff** | * | |
| | * | **SECTION "R" (3)** |
| **VERSUS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| **ST. BERNARD PARISH GOVERNMENT** | * | |
| **Defendant** | * | **MAG. - JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

### DEFENDANT'S RESPONSE MEMORANDUM TO LEXINGTON'S REPLY TO DEFENDANT'S OPPOSITION TO LEXINGTON'S MOTION FOR SUMMARY JUDGMENT

Defendant, St. Bernard Parish Government ("SBPG") replies briefly to Lexington Insurance Company's ("Lexington") Reply Memorandum. For the sake of brevity, SBPG will not repeat its previous arguments.

### The Retained Limit

Lexington argues that it is clear as a matter of law that the $250,000.00 retained limit applies to each piece of property and not to all of the properties demolished after the Parish Council condemned multiple properties in a series of related ordinances. Lexington ignores the fact that its own Claims Examiner acknowledged that the Parish only needed to meet one retained limit in response to SBPG's February 28, 2011 request that Lexington provide a defense to the Estopinal class action suit. See Exhibits 1 & 2  Lexington Claims Examiner, Michael Sullivan wrote "Please provide evidence that the Parish has paid **the retained limit of $250,000.00** (emphasis added) and explain what payments the Parish wants Lexington to make," Exhibit 2. Mr. Sullivan went on to write "Our reading of the policy states Lexington has no duty

1

to defend until **the retained limit** (emphasis added) has been exhausted by payment of loss amounts to which this policy may apply," Exhibit 2.  Mr. Sullivan refers to the retained limit in the singular, not plural, clearly evincing Lexington's conclusion that there was one retained limit to be met by the Parish, not multiple retained limits.  It was not until, Lexington sent a subsequent letter dated August 1, 2011 that it raised the issue of multiple retained limits.  See Exhibit 3.

### Occurrence under Personal and Advertising Injury

Lexington argues that this clause in the policy refers to the wrongful eviction of a person from a dwelling that is owned by St. Bernard or leased by St. Bernard.  But this is a tortured reading of the policy provision.  The policy language in question provides coverage for the wrongful eviction, wrongful entry or invasion of the private occupancy of a room "that a person occupies by on behalf its owner, landlord or lessor."  The phrase on behalf of its owner, landlord or lessor doesn't mean that the insured, here SBPG, has to be the owner, landlord or lessor for coverage to apply.   That phase means that the <u>person who has suffered the wrongful eviction, wrongful entry or invasion of private occupancy</u> has to be the owner or a person occupying the premises on behalf of the owner, landlord or lessee.

### CONCLUSION

Lexington's motion for summary judgment should be denied.

Respectfully Submitted,

 S/ William M. McGoey
WILLIAM M. McGOEY BAR NO. 14205 **(TA)**
JEANNE N. JUNEAU BAR NO. 25123
8201 W. Judge Perez Drive
Chalmette, LA 70043
Telephone: (504) 278-4348
Facsimile: (504) 278-4493
Attorney for St. Bernard Parish Government

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on all parties of record, using the court's CM/ECF system.

 S/ William M. McGoey

3