# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEXINGTON INSURANCE COMPANY** | * | **CIVIL ACTION NO. 11-1865** |
| **Plaintiff** | * | |
| | * | **SECTION "R"(3)** |
| **VERSUS** | * | |
| | * | **JUDGE SARAH S. VANCE** |
| **ST. BERNARD PARISH GOVERNMENT** | * | |
| **Defendant** | * | **MAGISTRATE JUDGE** |
| | * | **KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * * * *

## JOINT STIPULATIONS

Plaintiff Lexington Insurance Company and St. Bernard Parish Government stipulate to the following facts.

1. Hurricane Katrina hit St. Bernard Parish on August 29, 2005.

2. Hurricane Katrina flooded virtually every structure in the Parish with several feet of water. St. Bernard Parish Government ("SBPG") was faced with the task of recovering from the disaster.

3. Eleven months after the storm St. Bernard Parish still had thousands of homes that were not renovated that were unsafe, dangerous, posed a threat to public safety, and did not meet minimum housing standards.

4. SBPG implemented a plan to demolish the homes that were not being renovated by their owners by passing ordinances and implementing procedures, which included an appeal process to provide notice to property owners, so that the demolitions could proceed.

5. SBPG contracted with several contractors to assist the Parish in carrying out the demolitions and to assist the Parish in obtaining federal FEMA funds for the Katrina-related demolitions.

6. On July 6, 2006, SBPG passed an ordinance to require the renovation of properties within established time-lines. Over the next several years, SBPG passed numerous ordinances condemning thousands of structures that were not renovated.

7. SBPG's agents entered thousands of properties, inspected them, and placed demolition placards/notices on the structures.

8. SBPG's agents ultimately went on thousands of properties and tore down thousands of structures, most of which were houses.

9. Lexington issued Public Entities Excess Liability Policy Numbers 9607745, 001751696, 026462477 to SBPG in effect from February 1, 2008 to February 1, 2009, February 1, 2009 to February 1, 2010 and February 1, 2010 to February 1, 2011, respectively.

10. The Lexington Policies provide coverage for "that portion of the **ultimate net loss**, in excess of the **retained limit** or **underlying insurance**, whichever is greater, that the **insured** becomes legally obligated to pay as **loss amounts** by reason of liability imposed by law or assumed under an **insured contract** because of **bodily injury, property damage**, or **personal and advertising injury** arising out of an **occurrence** during the Policy Period and to which this insurance applies."

11. The Lexington Policies define "personal and advertising injury," in relevant part, as follows:

>AA. **Personal and advertising injury** means injury, including consequential bodily injury arising out of one or more of the following offenses:
>
>\* \* \*
>
>3. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor;

2

12. The Lexington Policies define "occurrence" as follows:

   1. With respect to **bodily injury** or **property damage**, an accident, including continuous, repeated, or related exposure to substantially the same general harmful conditions, which results in **bodily injury** or **property damage** neither expected or intended from **your** standpoint. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **occurrence**.

      In the event of continuing or progressively deteriorating damage over any length of time, such damage shall be deemed to be one **occurrence**, and shall be deemed to occur only when such damage first commences.

   2. With respect to **personal and advertising injury**, an offense arising out of **your insured organization** work that causes **personal and advertising injury**. All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **occurrence**, regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

13. The Lexington Policies define "retained limit" as:

   The **retained limit** applicable to each and every **occurrence, wrongful act, employment practices wrongful act,** or **employment benefit wrongful act** as shown in the Declarations and to which this insurance applies.

   The **retained limit** shall be reduced by the payment of **loss amounts**, but shall not be reduced by the salaries of **your employees, your** office

expenses, or expenses of any claims servicing organization that **you** have engaged

14. The Lexington Policies define "loss amounts" as:

> **Loss amounts** means damages and shall also include all fees, including legal fees, costs and expenses, as well as those expenses described in subparagraph B.3.b. of SECTION I. COVERAGES that **we** incur in connection with the defense and settlement of **claims** or **suits we** defend. **Loss amounts** shall not include salaries of **our** employees.

15. With regard to the retained limit, the Lexington Policies provide that "the retained limit as shown in the Declarations:

    **1.** Shall be reduced by **loss amounts** paid for **occurrences, wrongful acts, employment practices wrongful acts,** or **employee benefit wrongful acts** covered under this Policy; and

    **2.** Applies separately to each and every **occurrence, wrongful act, employment practices wrongful act,** or **employee benefit wrongful act** or series of continuous, repeated, or related **occurrences, wrongful acts,** or **employee benefit wrongful acts;** and

    **3.** Applies separately to each **municipality** insured under this Policy in the event that there are multiple **municipalities** as Named Insureds.

16. The Lexington policies provide that "Our duty to pay any sums that you become legally obligated to pay arises only after there has been a complete expenditure of **your retained limit** or all **underlying insurance,** whether collectible or not, has been exhausted by means of payments for judgments, settlements, or defense costs. **Your retained limit**

shall not be exhausted by **your** office expenses, **employees'** salaries, or expenses of any **claims** servicing organization that **you** have engaged. **We** will then be liable only for that portion of damages in excess of **your retained limit** up to **our** limits of insurance."

17. The Lexington Policies are subject to a ten million ($10,000,000.00) per occurrence and aggregate limit of liability.

18. In addition, the Declarations pages of the Lexington Policies provide:

    Item 4. Retained Limit:

    $250,000.00     Any one **occurrence** or **wrongful act** or **employment practices wrongful act** or **employment benefit wrongful act** series of continuous, repeated or related **occurrences** or **wrongful acts** or **employment practices wrongful acts** or **employment benefit wrongful acts**

19. In February of 2008, the St. Bernard Parish Government condemned a number of structures within the parish that it felt had failed to meet the minimum housing standards mandated by the St. Bernard Parish Code of Ordinances.

20. The condemnation also identified those structures within St. Bernard Parish that posed a threat to the health and/or safety of the residents of the parish.

21. On February 26, 2009, a lawsuit was filed in Louisiana state court against the Parish of St. Bernard, styled *Nolan Estopinal, et al v. Parish of St. Bernard, et al.*, 34th Judicial District Court of St. Bernard Parish, Louisiana, Case No. 113,313.

22. The currently controlling pleading, the Fourteenth Amended and Supplemental Petition, in the *Estopinal* Litigation was filed on October 11, 2010.

23. In addition to *Estopinal* Litigation, other suits have been filed against the Parish of St. Bernard seeking similar relief.

24. At a minimum, seventy three (73) named plaintiffs and fifty-seven (57) properties are identified in the *Estopinal* Litigation.

25. Each plaintiff claims his property was demolished and/or damaged by the St. Bernard Parish Government, except the *Estopinal* plaintiff, Gerald Artique, who alleges that he "was harassed in the anticipated demolition of his property.".

26. The condemnation and demolition actions took place over the course of more than a year, with different properties located in different places being demolished and damaged at different dates and times.

27. The value of each property demolished or damaged is less than $250,000.00.

28. St. Bernard Parish Government is not the owner, landlord or lessor of any of the subject properties.

29. The following exhibits are introduced by Plaintiff, Lexington. Lexington and SBPG stipulate that these exhibits are admissible.

   P1. Public Entities Excess Liability Policy Number 9607745 issued by Lexington to SBPG in effect from February 1, 2008 to February 1, 2009;

   P2. Public Entities Excess Liability Policy Number 001751696 issued by Lexington to SBPG in effect from February 1, 2009 to February 1, 2010.

   P3. Public Entities Excess Liability Policy Number 026462477 issued by Lexington to SBPG in effect from February 1, 2010 to February 1, 2011.

   P4. The Original, First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Supplemental and Amending Petitions for Damages and any subsequent petitions for damages filed

in *Estopinal, et al. v. Parish of St. Bernard*, No. 113-313, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P5. Original Petition for Damages and Supplemental and Amended Petition filed in *Jerry Bohannan and Janet Bohannan v. St. Bernard Parish Government, Barowka and Bonura Engeineers and Consultants, LLC, Unified Recovery Group, LLC and ABC Construction Company*, Case No. 112,469, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P6. Petition filed in *Allan C. Reichert and Kathy C. Reichert v. Parish of St. Bernard, Unified Recovery Group, LLC and Barowka and Bonura Engineers & Consultants, LLC*, Case No. 115-192, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P7. Petition for Damages filed in *Real Investments of New Orleans, LLC v. St. Bernard Parish Government, Unified Recovery Group LLC, Asplundh Construction Corp. and Barowka and Bonura Engineers and Consultants, LLC*, Case No. 115 268, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P8. Petition for Damages filed in *Martin Cross, Jr. v. St. Bernard Parish Government, Unified Recovery Group LLC, Asplundh Construction Corp. and Barowka and Bonura Engineers and Consultants, LLC*, Case No. 115,487, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P9. Petition filed in *Oren M. Welborn v. St. Bernard Parish Government*, Case No. 11-632, United States District Court for the Eastern District of Louisiana.

P10. Petition for Damages filed in *Vicki S. Abdo, Velicity Abdo, and Velina Abdo v. St. Bernard Parish Government*, Case No. 113,164, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P11. Petition for Damages filed in *Judy Henderson v. St. Bernard Parish Government*, Case No. 113,162, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P12. Petition for Damages filed in *Numa Jones and Jill Jones v. St. Bernard Parish Government, Unified Recovery Group LLC, Asplundh Construction Corp. and Barowka and Bonura Engineers and Consultants, LLC*, Case No. 115,269, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P13. Claim for Damages and the First Supplemental and Amending Petition for Damages filed in *Curtis Pitre v. The Parish of St. Bernard, St. Bernard Parish Government, Barowka and Bonura Engineers and Consultants, LLC and Unified Recovery Group, LLC*, Case No. 115,142, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P14. Petition for Inverse Condemnation and Damages filed in *Kendall Chenier and Hoby Givens, Bradley Cantrell, Nick Calico, Erlinda Quezaire, Willie Nunez, Glenn Scaeffer, Shannon Cantrell, Pamela Reine, Charlotte Halleran, Doug Wilhelmus, Letita v. Martin, Lawrence Ruiz, Olga Vaz and Stephen Vaz and Angelina Sullivan v. The Parish of St. Bernard and Barowka and Bonura Engineers and Consultants*, Case No. 116,380, 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

P15. Letter to SBPG from Lexington regarding Real Investment of New Orleans, LLC dated July 8, 2010.

P16. Letter to SBPG from Lexington regarding Martin Cross, Jr. dated July 8, 2010.

P17. Letter to SBPG from Lexington regarding Judy Henderson dated July 31, 2009.

P18. Letter to SBPG from Lexington regarding Numa and Jill Jones dated July 9, 2010.

P19. Letter to SBPG from Lexington regarding *Oren M. Welborn v. St. Bernard Parish Government* dated March 14, 2012.

P20. Letter to SBPG from Lexington regarding Vicki Abdo, Velcity Abdo & Velina Abdo dated July 31, 2009.

P21. Letter to SBPG from Lexington regarding Kendall Chenier et al. dated August 3, 2011.

P22. Letter to SBPG from Lexington regarding Jerry & Janet Bohannan dated July 27, 2009.

P23. Letter to SBPG from Lexington regarding Curtis Pitre dated March 28, 2012.

P24. Letter to SBPG from Lexington regarding Allan and Kathy Reichert dated March 1, 2012.

The following exhibits are introduced by Defendant, SBPG. Lexington and SBPG stipulate that these exhibits are admissible.

D1. February 28, 2011 letter, McGoey to Sullivan

D2. April 8, 2011 letter Sullivan to McGoey

D3. August 1, 2011 letter from Sullivan to McGoey

D4. Petition, Jones vs. St. Bernard Parish Government, 34th JDC

D6. SBPG demolition and condemnation ordinances, in globo

D7. Condemnation and Demolition Policy of St. Bernard Parish

/s/ Robert I. Sigel
ROBERT I. SIEGEL, ESQ. (#12063)
E-Mail: rsiegel@glllaw.com
*ALISTAIR M. WARD, ESQ. (#24693)*
*Gieger, Laborde & Laperouse, LLC*
One Shell Square – Suite 4800
701 Poydras Street
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*Counsel for Lexington Insurance Company*


/s/ William M. McGoey
WILLIAM M. MCGOEY, ESQ. (#14205)
JEANNE N. JUNEAU, ESQ. (# 25123)
8291 W. Judge Perez Drive
Chalmette, Louisiana 70043
Telephone: (504) 278-4348
Facsimile: (504) 278-4493
*Counsel for St. Bernard Parish Government*

_____
UNITED STATES DISTRICT JUDGE